# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7615 | **DATE** | 3/22/2004 |
| **CASE TITLE** | CRL Industries vs. David E. Jones, et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order: Defendant's motion to dismiss (3-1) for forum non conveniens is denied. We deny the defendants' motion for transfer of venue.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAR 2 4 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | 11 |
| | Mail AO 450 form. | | 3/22/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

CRL INDUSTRIES, INC.,                    )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )
                                         )
                                         )    Case No. 03 C 7615
                                         )
DAVID E. JONES and ROPRO                 )
COMPANY,                                 )
                                         )
            Defendants.                  )
                                         )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff CRL Industries, Inc. ("CRL") brought a breach of contract action against Defendants

David E. Jones and ROPRO Company ("ROPRO") alleging that the defendants failed to make payments

on three separate loan agreements. On December 5, 2003, the defendants filed the present "Motion to

Dismiss for Forum Non Conveniens." In the motion, defendants argue that the United States District

Court for the Western District of Texas would be a more appropriate forum for the disposition of CRL's

complaint.[1] Their reliance on the doctrine of *forum non conveniens* is misplaced. The common law

---

[1]According to the complaint, this Court has diversity jurisdiction over CRL's action because the plaintiff is a Delaware corporation with its principal place of business in Illinois, the defendants are both citizens of Texas, and the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. The defendants deny that the amount in controversy is over the statutory minimum, but have not brought a motion to dismiss on that ground, nor do they provide any specifics as to why they believe the amount in controversy is less than the $128,792.21 figure alleged by the plaintiff (and supported by documentation attached to the plaintiff's complaint). In assessing whether jurisdiction is properly founded upon diversity, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (citations omitted). Because we have no reason to believe that CRL's demand was not made in good faith, we find that this Court has subject matter jurisdiction over the present action.

doctrine of *forum non conveniens* was largely superseded in 1948 when Congress enacted 28 U.S.C. § 1404, which governs the transfer of cases from one federal jurisdiction to another. As a result, a party may only bring a motion to transfer based on *forum non conveniens* where he seeks transfer from a federal court to a foreign or state court. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996). The Western District of Texas is neither a foreign jurisdiction nor a state court, so it is § 1404 rather than the doctrine of *forum non conveniens* which governs our analysis in this case. Applying that statute, we decline to transfer venue and deny the defendants' motion.

## BACKGROUND

CRL is a Delaware corporation with its principal place of business and domicile in Bannockburn, Illinois. Defendant David E. Jones is a citizen of Texas. Defendant ROPRO is an unincorporated Texas association with its principal place of business in Round Rock, Texas.

In 1993 and 1994, CRL and the defendants executed three promissory notes, whereby CRL agreed to loan defendants a total of $87,562.49. All three of the promissory notes were negotiated in Illinois and delivered to CRL in Illinois. CRL now alleges that, despite its demands for payment, neither of the defendants have paid any portion of or interest on their debts. On October 28, 2003, CRL brought the present breach of contract action, seeking $128,792.21, which it alleges is now the total amount (including interest) that the defendants owe.

The defendants admit to the existence of the promissory notes and concede that they have never made any payments to CRL, but deny that they owe CRL any money. Rather, defendants claim that the promissory notes were executed as part of a larger transaction in which CRL promised to pay some of ROPRO's debts and subsequently purchase ROPRO from Jones. The amounts advanced via the promissory notes, defendants argue, were ultimately intended to offset part of the total purchase price of ROPRO. According to the defendants, the funds were never meant to be repaid. Furthermore,

2

Defendants argue that they were justified in keeping the loan money as a self-assessed damage award when CRL breached the purchase agreement by failing to follow through with the acquisition of ROPRO. (Def.'s Answer ¶ 16.)

## ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), a court may, for the convenience of parties and witnesses or in the interest of justice, transfer any civil matter to another district where venue is proper. Courts employ a three part test in determining whether to transfer a case under § 1404(a). Specifically, a court may transfer such a case if the moving party shows that: 1) venue is proper in the district where the action was originally filed; 2) venue and jurisdiction would be proper in the transferee district; and 3) the transfer will serve the convenience of the parties and witnesses as well as the interests of justice. *Sanders v. Franklin*, 25 F. Supp.2d 855, 857 (N.D. Ill. 1998) (citations omitted). We address each of these factors in turn.

First, venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(a)(2) because a "substantial part of the events or omissions giving rise to the claim occurred" in this district. Specifically, the promissory notes that form the central controversy in this case were executed and delivered in Illinois. Second, venue is also proper in the Western District of Texas because both defendants reside in that district. *See* 28 U.S.C. § 1391(a)(1) (providing that venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State.").

Third, we must consider the factors enumerated in 28 U.S.C. § 1404(a), including: 1) the convenience of the parties; 2) the convenience of the witnesses; and 3) the interests of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* (citations omitted). Courts should also give considerable weight

3

to the plaintiff's choice of forum where it is also the plaintiff's home forum. *FUL, Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1310 (N.D. Ill. 1993). Finally, the movant has the burden of establishing that the transferee forum is clearly more convenient. *Coffey*, 796 F.2d at 219-20. With these considerations in mind, we address each of the statutory factors in turn.

## I.      Convenience of the Parties

Neither the Western District of Texas nor the Northern District of Illinois appears to be a particularly convenient forum for the parties involved in this case. On the one hand, it would be burdensome for CRL to attend trial in the Western District of Texas because its principal offices are in Illinois. On the other hand, it would be equally inconvenient for the defendants to attend trial in Illinois because they are both Texas residents. Neither party has provided evidence as to whether there is a disparity in resources between the parties, which would make travel to a distant forum particularly burdensome for one side. *See, e.g., Tensor Group, Inc. v. All Press Parts & Equip., Inc.*, 966 F. Supp. 727, 729 (N.D. Ill. 1997) (considering a disparity in resources in assessing the relative burden of litigating in a distant venue). We thus find that neither party will be disproportionately burdened by having to litigate in a distant forum.

## II.     Convenience of Witnesses & Availability of Evidence

Both sides argue that there will be better access to evidence and witnesses in their chosen forum. Once again, we find this factor to be inconclusive. On the one hand, the defendants allege that "access to sources of proof will be easier," "compulsory process for the attendance of unwilling witnesses is available," and "the cost of obtaining the presence of unwilling witnesses will be lower" in the Western District of Texas. (Defs.' Mtn. to Dismiss ¶ 6.) Aside from these vague allegations, however, the defendants are only able to pinpoint three Texas-based witnesses who will be called to testify at trial, specifically, Defendant Jones; Alan Bunch, ROPRO's CPA; and Linda Jones, Defendant Jones' wife.

The defendants have not alleged that these witnesses would be unwilling to testify at trial. Thus, there are no concerns about the possibility that some of these witnesses may not be amenable to subpoena in Illinois. *Tensor Group Inc. v. All Press Parts & Equip., Inc.*, 966 F. Supp. 727, 729 (N.D. Ill. 1997).

CRL counters that its documents, records, and files relating to the case are in Illinois. It also alleges that its three potential witnesses, including John Corvino, CRL's corporate secretary; D.H. Carroll, CRL's CEO; and Joseph S. Haas, CRL's vice-president; all work and live in the Northern District of Illinois. Because these witnesses all work for CRL, they will presumably testify voluntarily, even if they are outside of Texas' subpoena power. *Id.*

In the end, there are relevant documents, records, and files to be found in both locations, and three witnesses on either side of the equation. In general, a court should consider "not only the number of witnesses to be inconvenienced, but also the 'nature and quality of the testimony' to be given." *Id.* (citations omitted). However, neither of the parties in this case has provided any information regarding the nature or quality of the testimony to be given by each of its witnesses. Nor has any party specifically alleged that it would be particularly inconvenient for any of the witnesses to travel to a distant forum. We therefore find this factor in the choice of venue analysis to be inconclusive.

## III.    Interests of Justice

The interests of justice factor focuses on the efficient functioning of the court system rather than on the merits of the underlying dispute. *Coffey v. Van Dorn Iron Works*, 796 F.2d 221 (7th Cir. 1986). In evaluating the interests of justice factor, a court should consider: 1) the court's familiarity with applicable law; 2) the relative caseload of each docket; and 3) the locale where the parties are more likely to receive a speedy trial.

5

## A. Court's Familiarity With Applicable Law

The parties disagree as to whether Illinois or Texas state law applies in this case. As a federal court sitting in diversity, we must apply our forum state's choice of law rules to determine what state's substantive law will govern. *CSX Transp., Inc. v. Chicago and North Western Transp. Co., Inc.*, 62 F.3d 185, 188 (7th Cir. 1995). In Illinois, "the law applicable to a contract is that which the parties intended . . . When that intent is expressed, it should be followed." *H.B. Fuller Co. v. Kinetic Sys., Inc.*, 932 F.2d 681, 685 (7th Cir. 1991) (quoting *Hofeld v. Nationwide Life Ins. Co.*, 59 Ill.2d 522, 259 (Ill. 1975)). A court should only refuse to honor the parties' contractual choice of law agreement "where there is an insufficient connection between the contract and the state designated by the parties." *Wilkes v. Accustaff, Inc.*, 42 F. Supp.2d 842, 844 (N.D. Ill. 1999).

The three promissory notes entered into between CRL and the defendants all contain the following clause: "This Promissory Note and Security Agreement shall be governed and controlled as to validity, enforcement, interpretation, construction, effect and in all other respects, by the statutes, laws and decisions of the State of Illinois, the place of its making and delivery." (Pl.'s Response, Ex. A.) As noted above, Illinois' choice of law provisions dictate that this clause should be honored. We therefore find that Illinois law will govern the substantive issues raised in this case. Because the Northern District of Illinois is more familiar with Illinois law than the Western District of Texas, this factor weighs against transfer of this case.

## B. Speedy Trial & Status of Dockets

In general, the interests of justice are served where a case is transferred from a busy docket to a less congested docket. *FUL, Inc. v. Unified School Dist. No. 204*, 839 F. Supp. 1307, 1313 (N.D. Ill. 1993). Both the Western District of Texas and the Northern District of Illinois are busy courts.

6

Statistical differences in disposition times between the two courts do no persuade us in favor of one forum over the other.

## III. Resolution of Factors

In the end, the only factors that influence our decision in one direction or another are: 1) the rule that the court should respect a plaintiff's choice of forum (in this case, Illinois); and 2) the fact that Illinois substantive law will govern the disposition of CRL's breach of contract action. We find that these factors ultimately weigh in favor of keeping the case in the Northern District of Illinois.

## CONCLUSION

For the foregoing reasons, we deny the defendants' motion for transfer of venue. It is so ordered.

Marvin E. Aspen
United States District Judge

Dated: 3/22/04

7